RODERICK PALMER *et al. versus* MINER STEBBINS.

A bond conditioned that the obligor shall give the obligee all the freighting of the obligor's goods up and down the Connecticut river, at the customary price, to be paid in goods at the usual price, and that he shall not encourage any other boat man to compete with the obligee in the business of boating, is not void as being in restraint of trade, and is founded on a sufficient consideration

THIS was an action of debt on a bond for 600 dollars, the condition of which, as set forth on oyer, was as follows : — " The condition of the foregoing deed is this, that if the said Miner shall from this time cease to have any concern in the business of boating on Connecticut river, and shall give them all the freighting of his goods, wares and merchandise up and down Connecticut river, at the customary freight, and to be paid in goods at the usual price, and shall aid and countenance them in their business, and shall not directly or indirectly promote any other boatman to compete with them in the business of boating, then the bond to be void," &c.

The defendant pleaded performance generally. The plaintiffs replied, assigning as a breach, that the defendant did encourage other boatmen (naming sundry persons) to compete with the plaintiffs. The defendant demurred specially, but on the argument waived the causes of demurrer.

The cause was spoken to at this term, but was afterwards argued in writing by *E. H. Mills, Rice* and *J. H. Ashmun*

Knights
*v.*
Putnam.

189

Palmer
v.
Stebbins.

for the defendant, and by *Dwight* and *Bliss* junior for the plaintiffs.

For the *defendant* it was contended, that the bond was void, as being in restraint of trade, and so against the policy of the law. The defendant is to cease himself from boating, and is to employ and encourage no other person in that business except the plaintiffs. The bond, to be sustained, should restrain the defendant only within reasonable limits, and upon a just consideration appearing either on the face of the bond or in the pleadings. Here the restraint extends to the whole of the Connecticut river, a distance of nearly 300 miles, and is not founded on any consideration. *Mitchel* v. *Reynolds*, 1 P. Wms. 181 ; *Pierce* v. *Fuller*, 8 Mass. Rep. 223 ; *Chesman* v. *Nainby*, 2 Str. 739 ; *Clerk* v. *Comer*, Cas. Temp. Hardw. 48 ; *Davis* v *Mason*, 5 T. R. 118 ; *Colgate* v. *Bachelor*, Cro. Eliz. 872.

For the *plaintiffs* it was said, that whether a bond in restraint of trade is so general as to be contrary to the policy of the law, depends on the nature of the occupation to be restrained. The reason why such a bond is void is, because it goes beyond the sphere of operations of the obligee, and so affects the community injuriously by discouraging trade. *Mitchel* v. *Reynolds*, 1 P. Wms. 190. The business of boating on the Connecticut river necessarily requires a sphere of operations as extended as the terms of this bond. If the restriction is limited to reasonable bounds, however extensive, provided it do not embrace the whole country, the bond will not be void for generality. *Gunmakers' Company* v. *Fell*, Willes, 384 ; *Davis* v. *Mason*, 5 T. R. 118 ; *Bunn* v. *Guy*, 4 East, 190 ; *Pierce* v. *Fuller*, 8 Mass. R. 223 ; *Perkins* v. *Lyman*, 9 Mass. R. 522 ; *Stearns* v. *Barrett*, 1 Pick. 443. The case of *Colgate* v. *Bachelor* was not determined on the ground of generality.

Taking the whole condition together, it shows a sufficient consideration. The contract on the part of the plaintiffs is to do the defendant's freighting at the customary price, to be paid in goods at the cash price, and the law will presume that a counter bond to that effect was given to the defendant. *Chesman* v. *Nainby*, 2 Str. 744. Any valuable considera

190

tion, however small, is sufficient to sustain a contract of this sort. *Bragg* v. *Tanner*, cited in Cro. Jac. 597 ; *Davis* v. *Mason* and *Pierce* v. *Fuller* before cited.

<span style="float:right">Palmer<br>*v.*<br>Stebhins.</span>

But supposing the contract to be void for want of a sufficient consideration, so far as it restrains the defendant himself from engaging in the business of boating, the objection does not apply to the other parts of the condition ; and one of the obligations of a bond may be void at common law, and the bond still be binding as to the rest. *Norton* v. *Simmes*, Hob. 14 ; *Pigot's case*, 11 Co. 27 *b* ; *Chesman* v. *Nainby*, 2 Ld. Raym. 1459, and 2 Str. 742 ; *Greenwood* v. *Bp. of London*, 5 Taunt. 727 ; *Newman* v. *Newman*, 4 Maule & Selw. 70.

*In reply*, it was said, that the restriction might be considered as a general one, because in fact, though not in terms, it embraces the whole commonwealth, or a limited one, the limits of which are clearly unreasonable ; and in either case the bond is void. 1 P. Wms. 182 ; 8 Mass. R. 223. In *Bunn* v. *Guy* no question was agitated as to the validity of the restriction. In *Pierce* v. *Fuller* and *Perkins* v. *Lyman*, the occupations restrained were of a very limited nature, so as scarcely to admit of more than one person's engaging in them. In *Stearns* v. *Barrett* the parties were joint owners of a patent right, the whole of which might be sold, and the sale of half therefore was very reasonably sustained. The restriction here, besides being unreasonable in its extent, is unlimited in its duration ; and this objection is fatal to the bond.

The necessity of a consideration is admitted, but it is said that the plaintiffs bound themselves to do the defendant's freighting, and that their bond will be presumed from their acceptance of the defendant's bond. It is very clear that this was not in fact the consideration, and it will not be held to be a fair and sufficient one. In *Chesman* v. *Nainby* the plaintiff, on receiving an apprentice, gave up the usual fee of £100 in consideration of the restriction. The objection was made that the plaintiff was not bound, and the Court said they would presume that he was. But here the Court are asked to presume the consideration itself ; to presume what all the authorities require should appear.

<span style="float:right">191</span>

*Palmer*
*v.*
*Stebbins.*

The defendant does not deny that a bond may be void in part only, but the part here which the plaintiffs suppose to be good, is liable, equally with the rest of the bond, to the objection of being in restraint of trade.  Any act by which any boatman should derive assistance in his business from the defendant, as the loan of money, the employment of his boat, or the recommendation of his business, would " directly or indirectly promote him to compete" with the plaintiffs, and would be a breach of the bond.  The replication simply avers that the defendant did promote a competition.  It does not allege that the boatmen encouraged ever did any act in consequence of such promoting ; that any competition ever took place ; or that the plaintiffs ever suffered any inconvenience whatsoever.  The law does not recognise such useless and unnecessary covenants.  It permits a little restraint on trade, and that reasonable in its nature and extent and on good consideration.

*May term*
*1826, at*
*Springfield.*

WILDE J. delivered the opinion of the Court.  [After stating the facts.]  So that the only question is, whether the breach is well assigned, and whether the condition, as to this part of it, is valid in law ; for it is admitted that if it is, it is not vitiated by any illegality in the other stipulations in the condition.

The question then is, whether any agreement which may be supposed to discourage competition in trade, is unlawful, and is such a restraint of trade as is inconsistent with public policy.

In the case of *Mitchel* v. *Reynolds*, 1 P. Wms. 181, *Parker* C. J. lays down the reasons why restraints of trade are not allowed.

" The true reasons," says he, " of the distinction upon which the judgments in these cases of voluntary restraints are founded, are 1st, the mischief which may arise from them first to the party, by the loss of his livelihood, and the subsistence of his family ; secondly, to the public, by depriving it o, a useful member."

" Another reason is, the great abuses these voluntary restraints are liable to ; as for instance, from corporations, who are perpetually laboring for exclusive advantages in trade, and

204

to reduce it into as few hands as possible. As likewise from masters, who are apt to give their apprentices much vexation on this account, and to use many indirect practices to procure such bonds from them, lest they should prejudice them in their custom, were they to set up for themselves."

" 3dly, Because in a great many instances, they can be of no use to the obligee ; which holds in all cases of general restraint throughout England ; for what does it signify to a tradesman in London, what another does at Newcastle ? And surely it would be unreasonable to fix a certain loss on one side, without any benefit to the other."

"4thly, The fourth reason is in favor of these contracts, and is, that there may happen instances wherein they may be useful and beneficial, as to prevent a town from being overstocked with any particular trade."

These are the principal reasons given for the rules of law in respect to the restraint of trade by voluntary contract, and nothing important can be added from the later cases on the subject. They were collected to a recent date by Chitty in his Digest of laws relating to commerce, and none of them have much bearing upon the question under consideration.

It must therefore be decided on general principles, rather than by express authority. Whether competition in trade be useful to the public or otherwise, will depend on circumstances. I am rather inclined to believe, that in this country at least, more evil than good is to be apprehended from encouraging competition among rival tradesmen or men engaged in commercial concerns. There is a tendency, I think, to overdo trade, and such is the enterprise and activity of our citizens that small discouragements will have no injurious effect in checking in some degree a spirit of competition. An agreement with a tradesman to give him all the promisor's custom or business, upon fair terms, and not to encourage a rival tradesman to his injury, can hardly be considered as a restraint of trade. Certainly it is not such a restraint as would be injurious to the public, for in proportion as it discourages one party it encourages another. As to the public therefore such a contract *stat indifferenter*. It would be extravagant to sup-

193

18          205

Palmer
v.
Stebbins

pose that any one, by multiplying contracts of this kind, could obtain a monopoly of any particular trade. But admitting that such a contract is a restraint of trade, yet it is clearly a limited restraint, and is not binding by the terms of it beyond the sphere of the obligee's actual business. Such a particular restraint made by voluntary contract on good consideration, is valid in law.[1] And the consideration appearing by the condition in this case is as we think a reasonable one, and sufficient to support this part of the agreement. The plaintiffs agreed on their part to do all the defendant's freighting up and down Connecticut river, at the customary freight, and to be paid in goods at the usual price. This agreement on the plaintiffs' part is to be inferred by their acceptance of the bond, in which the defendant agrees to give them his freighting, and to aid and countenance them in the business of boating, and not to promote any other boatman to compete with them in the business of boating    This seems to be a fair and equal bargain, founded on a good and adequate consideration. If there is any in-

---

[1] Story on Equity, 289, 290; Chitty's Contracts (3d Amer. ed.) 217, 218, *Pierce* v. *Woodward*, 6 Pick. 206. It seems that no exact limits can be fixed upon in such cases. The consideration for, as well as the extent of, the re straint, must be taken into the account, and if from a view of these the restraint appears greater than is necessary for the protection of the party, who imposes it, in the full enjoyment of his trade, or is otherwise unreasonable, the agreement creating such restraint cannot form the subject of an action. *Horner* v. *Graves*, 7 Bingh. 735; *S. C.* 5 Moore & Payne, 768; *Hayward* v. *Young*, 2 Chit. R 407; *Young* v. *Timmins*, 1 Tyr. Exch R. 226; *S. C* 1 Crompt. & Jerv. 331; *Horner* v. *Ashford*, 11 Moore, 91; *S. C.* 3 Bingh. 322; *Bryson* v. *Whitehead*, 1 Sim. & Stu. 74; *Chesman* v. *Nainby*, 1 Bro. P. C. 234; S. P. *Morris* v. *Colman*, 18 Ves. jun. 438; *Prugnell* v. *Gosse*, All. 67; *Hunlocke* v. *Blacklowe*, 2 Saund. R. 156; *Davis* v. *Burney*, 2 Gill & Johns. 382; *Dakin* v. *Williams*, 11 Wendell, 67.

An agreement on the part of a turnpike corporation to grant to individuals the privilege of passing the gate free of toll, in consideration that they would withdraw their opposition to the passage of a legislative act, touching the alteration of the road, was held to be against sound policy and prejudicial to correct and just legislation, and void. *Pingry* v. *Washburn*, 1 Aiken's R. 264. An agreement which contravenes the policy of an act of Congress and tends to defraud the United States, is void. *Gulich* v. *Ward*, 5 Halst. 87. See also *Sharp* v. *Teese*, 4 Halst. 352; *Hosmer* C. J. in *Preston* v. *Bacon*, 4 Connect. R. 480. A contract to reprint any literary work in violation of a copy-right secured to a third person, is void. *Nichols* v. *Holly*, 3 Day, 145.

equality the hardship and inconvenience are evidently on the part of the plaintiffs, who are bound to be ready at all times to take the defendant's freight, however inconvenient it may be to them so to do.

But it is said that this is a useless and unnecessary contract, and therefore not to be enforced by law ; that the plaintiffs have not shown in the pleadings any actual damages. But the plaintiffs in assigning a breach are not obliged to set out their claims for damage ;[2] it is sufficient to assign a breach, and the breach is in substance well assigned ; if there be any formal defect it cannot be taken notice of on general demurrer.

As to the first branch of the condition we do not decide. That may be the subject of further consideration on a hearing in chancery, in which case it may be necessary to ascertain other facts than those appearing on the pleadings. One fact in particular appears to be important, namely, whether the plaintiffs are in fact engaged in boating up and down the river coextensively to the terms of the condition. If not, the question will arise whether a restraint can be valid which can be of no use to the plaintiffs, and which may be prejudicial to the rights of the defendant.[1]

*Replication adjudged good.*

---

[2] The damages sustained are matter of evidence, and need not be alleged, nor are they scarcely ever stated, but in a general manner *Barruso* v *Madan*, 2 Johns. R. 149; *Boorman* v. *Nash*, 9 Barn. & Cressw. 145, 152; 1 Chitty's Pl. (6th Amer. ed.) 370.

[1] The proper question in such cases is, whether the restraint is such only as to afford a fair protection to the interests of the party in favor of whom it is granted, and not so large as to interfere with the interests of the public. *Hower* v. *Graves*, 7 Bingh. R. 735; *Pierce* v. *Woodward*, 6 Pick. 206